IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE OF KANSAS,

    *Plaintiff,*

vs.

    Case No. 22-CV-01039-EFM-KGG

CODY D. WALTERS,

    *Defendant.*

**MEMORANDUM AND ORDER**

On February 7, 2022, Defendant Cody Walters filed a Notice of Removal seeking to remove to this Court a pending Sedgwick County, Kansas, criminal prosecution against him. This matter is before the Court under 28 U.S.C. § 1455(b)(4), which requires the Court to examine the notice, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Walters is proceeding pro se, and therefore the Court will hold his pleadings to a less stringent standard than pleadings drafted by an attorney.[1] However, the jurisdiction of the federal courts is limited, and removal statutes are strictly construed.[2]

---

[1] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[2] *See Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

28 U.S.C. § 1455 sets forth the procedure for a defendant removing a criminal prosecution from state court to federal court. Under § 1455(a), a defendant is required to file a signed notice of removal, a statement of the grounds for removal, and a copy of all process, pleadings, and orders served upon the defendant in the state action.[3] Here, Walters has submitted a signed Notice of Removal and a copy of the pleadings and orders from the state court prosecution. He has not, however, submitted a short and plain statement setting forth grounds for removal. Therefore, he has not met the procedural requirements for remand under § 1455(a), and remand to state court is warranted.

Additionally, Walters has failed to establish a jurisdictional basis for removal. Three federal statutes give federal district courts jurisdiction over state criminal proceedings—28 U.S.C. § 1442, § 1442a, and § 1443. Under 28 U.S.C. § 1442(a), a state criminal case may be removed to federal court if brought against (1) the federal government or one of its agencies, or an officer of the United States; (2) "[a] property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States"; (3) an officer of the U.S. courts for any act under color of office in the performance of the officer's duties; or (4) an officer of either House of Congress relating to his or her official duty.[4] Additionally, under 28 U.S.C. § 1442a, a state criminal prosecution brought against a member of the U.S. armed forces may be removed to federal court.[5] The information submitted by Walters in this case does not

---

[3] 28 U.S.C. § 1455(a).

[4] 28 U.S.C. § 1442(a)(1)-(4).

[5] 28 U.S.C. § 1442a.

-3-

show that he meets any of these criteria.  Therefore, the case does not qualify for removal under 28 U.S.C. § 1442 or § 1442a.

28 U.S.C. § 1443 authorizes the removal of a state criminal prosecution if it is filed:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.[6]

The Court applies the two-part test established by the Supreme Court in *Johnson v. Mississippi*[7] to determine if the requirements of § 1443(1) are met.[8]  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' "[9] "Second, it must appear that the removal petitioner 'is denied or cannot enforce' the specified federal rights 'in the courts of the State.' "[10]  A defendant has a heavy burden to show that the requirements of § 1443(1) are satisfied.[11]

Here, Walters has not set forth any facts to support a claim of racial discrimination or that he cannot effectively seek relief in his state criminal prosecution.  Therefore, he is not entitled to removal under §1443(1).

---

[6] 28 U.S.C. § 1443.

[7] 421 U.S. 213 (1975).

[8] *Williams v. Kansas*, 2018 WL 2118323, at *2 (D. Kan. 2018).

[9] *Id*. (quoting *Johnson*, 421 U.S. at 219).

[10] *Id*. (quoting *Johnson*, 421 U.S. at 219) (alterations omitted).

[11] *Id*. (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966)).

Finally, under 28 U.S.C. § 1443(2), removal is conferred "only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."[12]  Walters has not set forth any facts meeting this standard.

As discussed above, Walters has failed to comply with the procedural requirements of 28 U.S.C. § 1455(a) and has failed to establish a jurisdictional basis for the removal of his state criminal prosecution to federal court.  Therefore, this case is summarily remanded to state district court.

**IT IS THEREFORE ORDERED** that this case is remanded to the District Court of Sedgwick County, Kansas.

**IT IS SO ORDERED**.

This case is closed.

Dated this 28th day of June, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[12] *Id*. at *3 (quoting *City of Greenwood*, 384 U.S. at 824).